# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilbert Glover, | Civ. No. 19-0304 (NEB/BRT) |
| Plaintiff, | |
| v. | |
| Richard Rodriquez; Albert Ross; R. Paul, #705, Matt Bostrom; Greg Croucher; Joe Paget; Tom Roy; Minnesota Department of Corrections, and Officer Hendrikt, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff Wilbert Glover, a Minnesota state prisoner, brought this action alleging violations of his constitutional rights by officials at the county jail where he was previously incarcerated. Glover also alleges that Tom Roy, the former Commissioner of the Minnesota Department of Corrections, wrongfully denied grievances related to those constitutional violations. Glover was previously ordered to pay an initial partial filing fee of at least $4.50, *see* 28 U.S.C. § 1915(b), and was warned that, as pleaded, his Complaint failed to state a claim as to the state Defendants (Roy and the Minnesota Department of Corrections). *See* Doc. No. 3.

Glover has now paid the required initial partial filing fee. *See* Doc. No. 6. By separate order, this Court will grant Glover's application to proceed *in forma pauperis* with respect to Defendants Richard Rodriquez, Albert Ross, R. Paul, Matt Bostrom, Greg

Croucher, Joe Paget, and Officer Hendrikt in both their individual capacities and their official capacities as agents of Ramsey County, Minnesota.

As explained to Glover previously, however, the Complaint does not include an actionable claim for relief with respect to Roy or the Minnesota Department of Corrections. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. As an initial matter, the Minnesota Department of Corrections is a state agency immune from suit under 42 U.S.C. § 1983. *See, e.g.*, *Allen v. Lopez*, Civil No. 15-1860 (JRT/JJK), 2015 WL 13746677, at *5 (D. Minn. Dec. 1, 2015) (citing *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988)). The Minnesota Department of Corrections must therefore be dismissed without prejudice on jurisdictional grounds.

Roy, by contrast, is an appropriate Defendant under § 1983. Still, though, Glover must include sufficient factual allegations that, if proved true, would establish that Roy himself acted unlawfully in order to succeed on claims against Roy in his personal capacity. The sole conduct alleged against Roy is that he was responsible for the denial of grievances filed after Glover's transfer from county jail to state prison. But the denial of grievances does not amount to a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). There is no basis in the Complaint upon which to find that Roy himself acted unlawfully. It is therefore recommended that the individual-capacity claims against Roy be dismissed from this action without prejudice.

Finally, Glover names each of the Defendants in both their personal and official capacities. The Complaint seeks only monetary relief. With respect to the county officials, Glover's official-capacity claim amounts to an attempt to seek relief directly

from Ramsey County, Minnesota, a "person" for purposes of § 1983 and an entity not immune from suit. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). With respect to Roy, however, Glover's official-capacity claim amounts to an attempt to seek relief directly from the State of Minnesota, which, like the attempt to seek relief from the Minnesota Department of Corrections, is thwarted by the state's sovereign immunity from claims under § 1983. *See, e.g.*, *McCoy v. Carter-Jones Timber Co.*, 352 Fed. App'x 119, 121 (8th Cir. 2009) (per curiam). Accordingly, the claims against Roy in his official capacity as an agent of the State of Minnesota must be dismissed without prejudice as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants Tom Roy and the Minnesota Department of Corrections be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 17, 2019                    *s/ Becky R. Thorson*                
                                       BECKY R. THORSON
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).