UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilbert Glover, | Civ. No. 19-304 (NEB/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Richard Rodriquez; Albert Ross; R. Paul, #705, Matt Bostrom; Greg Croucher; Joe Paget; and Officer Hendrikt, | |
| Defendants. | |

Wilbert Glover, OID 262673, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* Plaintiff.

Kevin Jonassen, Esq., Minnesota Attorney General's Office, counsel for Defendant Croucher.

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on a Motion to Dismiss filed by Defendant Greg Croucher. (Doc. No. 24.) For the reasons stated below, this Court recommends that Defendant's motion be granted.

### I.      Plaintiff's Allegations

*Pro se* Plaintiff Wilbert Glover filed this lawsuit on February 8, 2019. (Doc. No. 4, Compl.) In his Complaint, Plaintiff alleges that he was subjected to a pattern of sexual assault and harassment while he was in custody at the Ramsey County Adult Detention Center ("ADC"), and that his grievances were not addressed. (*Id.* at 4.) Plaintiff attached

several grievances, filed between December 30, 2015 and December 11, 2016, as exhibits to his Complaint. (*See* Doc. No. 4-1, Compl. Exs. 1–4, 7, 10, 14, 16, 20, 22, 24, 26, 29–31.) Plaintiff also attached a letter sent to him from Defendant Croucher dated February 29, 2016. (Compl. Exs. 23.) In that letter, Defendant Croucher informs Plaintiff that the officers at the ADC are employees of Ramsey County—not the Department of Corrections ("DOC")—and therefore Plaintiff should direct his concerns to a Ramsey County detention facility supervisor. (*Id.*) Defendant Croucher also indicates in the letter that he spoke to a lieutenant at the ADC who told him that Plaintiff's claims were "investigated and were found to be unsubstantiated." (*Id.*) Plaintiff specifies that he is suing Defendant Croucher in his personal and official capacity. (Compl. 27.)

On August 6, 2019, Defendant Croucher filed his Motion to Dismiss. (Doc. No. 24, Mot. to Dismiss.)

   II.   **Analysis**

      **A. Standard of Review**

When analyzing whether dismissal is warranted under Rule 12(b)(6) for failure to state a claim, a court generally must limit its inquiry to the pleadings, though "it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor; however, it need not accept "mere conclusory statements," including legal

conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014); *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

To withstand dismissal under Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Plaintiff's § 1983 Claim against Defendant Croucher Should be Dismissed

To state a claim under § 1983, a plaintiff must plead that a government official has personally violated that plaintiff's constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). Plaintiff's Complaint and the grievances attached thereto indicate that he wanted Defendant Croucher to address his complaints. (*See, e.g.*, Compl. 4, 15, 18, 20; Compl. Exs. 7, 16, 20, 22, 24.) But neither the grievances nor the facts pleaded in Plaintiff's Complaint indicate that Defendant Croucher knew about Plaintiff's complaints until well after the complained-of conduct occurred. Even if Defendant Croucher had been aware of Plaintiff's complaints, the fact remains that Defendant Croucher is a State DOC employee and does not supervise the operation of the Ramsey County ADC. *See Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir.

3

2001) (stating that the doctrine of *respondeat superior* does not apply to § 1983 cases, but a supervisor may still be liable under § 1983 if either his direct action or his "failure to properly supervise and train the offending employee" caused the constitutional violation at issue). Accordingly, Plaintiff's § 1983 claims against Defendant Croucher (Count Three) should be dismissed.

### C. Plaintiff's Remaining Federal and State Claims against Defendant Croucher Should be Dismissed

Plaintiff's Complaint also alleges other federal causes of action against Defendant Croucher. Those are based on 42 U.S.C. § 1997, 1981, and 1991, as well as the Prison Rape Elimination Act ("PREA") (*See* Compl. 25.) Plaintiff also alleges violations of Minnesota law. For the reasons that follow, these claims also fail.

Plaintiff invokes § 1997 in Count One of his Complaint, but he does not specify what language in that statute he relies upon. (*Id.*) To the extent Plaintiff is alleging retaliation under § 1997(d), that claim fails as to Defendant Croucher because Plaintiff's Complaint does not plead any facts to support such an allegation, and even if Plaintiff had pleaded such facts, § 1997 does not contain a private right of action. *See* 42 U.S.C. § 1997.

In Count Two of Plaintiff's Complaint, he alleges retaliation in violation of 42 U.S.C. §§ 1981 and 1991. (Compl. 25.)  Section 1981, however, concerns the right "to make and enforce contracts" regardless of one's race. 42 U.S.C. § 1981(a). Plaintiff's Complaint does not allege the existence of a contract to which Plaintiff is a party—it alleges sexual harassment and abuse generally, and specifically claims "retaliation" in

4

violation of § 1981—and thus Plaintiff has failed to plead sufficient facts giving rise to a claim under § 1981. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights.") (citing 42 U.S.C. § 1981(b)). Likewise, § 1991—which concerns fees to be awarded to persons appointed to execute process—is wholly irrelevant to the facts pleaded in Plaintiff's Complaint. *See* 42 U.S.C. 1991.

Count Three of Plaintiff's Complaint alleges a violation of Minn. Stat. § 363A.12 in addition to the § 1983 claim discussed above. (Compl. 25.) Section 363A.12 establishes that it is an unfair discriminatory practice to deny access or admission to, the utilization of, or benefit from, various public services on the basis of certain protected characteristics. *See* Minn. Stat. § 363A.12. Because Plaintiff pleads no facts related to this statute, this claim also fails.

Finally, Count Four of Plaintiff's Complaint alleges violations of the PREA as well as Minn. Stat. §§ 15.43, 15.86, 24.01, and 43A.38. These claims are without merit. Plaintiff may not bring a claim under the PREA because it does not provide for a private right of action. *See LeMasters v. Fabian*, No. CIV. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (stating "the PREA[] does not create a right of action that is privately enforceable by an individual civil litigant"). For the same reason, Plaintiff may not bring claims under §§ 15.43 (Acceptance of Advantage by State Employee), 15.86 (State Agency Actions), or 43A.38 (Code of Ethics for Employees in the Executive

Branch). Finally, Minn. Stat. § 24.01 was repealed in 1961. *See* Minn. Laws 1961, Ex.Sess., c. 58, § 12.

Therefore, because Plaintiff's remaining claims against Defendant Croucher lack any basis in federal or Minnesota state law, they should be dismissed.

### III.   Recommendation

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Defendant Croucher's Motion to Dismiss (Doc. No. 24) be **GRANTED**.


Date: October 24, 2019.                          *s/ Becky R. Thorson*_____
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).