UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WILBERT GLOVER, | Case No. 19-CV-304 (NEB/BRT) |
| Plaintiff, | |
| v. | ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION |
| RICHARD RODRIQUEZ, ALBERTS ROSS, R. PAUL #705, MATT BOSTROM, JOE PAGET, and OFFICER HENDRIKT, | |
| Defendants. | |

Plaintiff Wilbert Glover sued several defendants over alleged mistreatment while in Ramsey County custody. Defendants moved for summary judgment. (ECF No. 65.) In a Report and Recommendation, United States Magistrate Judge Becky R. Thorson recommends granting the motion in part and dismissing several defendants from the case. (ECF No. 81 ("R&R").) Both sides object to the R&R. (ECF Nos. 82, 85, 88, 92–93.) Because there are objections, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3).

## BACKGROUND

The R&R provides a thorough factual background of this case, (*see generally* R&R), so the Court incorporates and refers to the R&R's statement of facts.[1]

Glover alleges several constitutional violations by jail staff, all apparently stemming from an improper touching by corrections officers.[2] According to Glover, corrections officer R. Paul "made me take off my jumpsuit strip search me took his hand and grasp my penis squeeze it hard and gestures" in December 2015.[3] (ECF No. 4 at 7; R&R at 15; *see id.* at 7 n.2.) Paul denies the allegations. (R&R at 4; ECF No. 69.)

After the alleged assaults, Glover complained to jail supervisors, submitting many grievances. (ECF No. 86-1 at 1–13.) According to Glover, the defendant jail supervisors—Richard Rodriquez, Matt Bostrom, and Joe Paget—failed to respond to his complaints

---

[1] Defendants do not object to the R&R's statement of facts. Glover objects to the R&R's finding that he saw a clinician on May 10, 2016, asserting that it was on *March* 10. Because the record shows that Glover met with a mental health provider on May 10, (ECF No. 70-1 at 11), this objection is overruled.

[2] Glover's "verified complaint is the equivalent of an affidavit for the purpose of summary judgment." *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992) (citation omitted).

[3] Glover also alleges that defendant Officer Hendrikt assaulted him in January 2016 and defendant Alberts Ross assaulted him in May 2016. (R&R at 7 n.2 (citing ECF Nos. 4, 4-1).) "Officer Hendrikt" allegedly touched his "penis and balls" and commented, "It's a big one." (ECF No. 4 at 9.) But as discussed below, Officer Hendrikt and Alberts Ross were not properly served and so the claims against them are dismissed without prejudice. Glover apparently filed a new case to correct the pleading deficiency, so the Court will consider allegations against those officers in that case. *See Glover v. Rodriquez*, 22-CV-1454 (NEB/BRT) (including "Tanner Hendrikson" and "Ross Alberts" as defendants).

about the assault and failed to give him timely access to medical services. The supervisors also allegedly failed to properly train and supervise staff.

Glover raises several claims: (1) an individual liability claim against Paul for violating his constitutional rights; (2) Eighth Amendment deliberate-indifference and conditions-of-confinement claims against the supervisors; (3) a failure-to-train-or-supervise claim against the supervisors; (4) a claim of deliberate indifference to a serious medical need against Defendants, generally; and (5) several state law claims and claims against Officer Hendrikt and Alberts Ross. The R&R found that a question of fact exists on the first claim about whether Paul improperly touched Glover but recommended granting summary judgment on the other claims. The Court reviews the R&R *de novo*.

## ANALYSIS

### I. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if a factfinder could reasonably determine the issue in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party "may not rest upon

allegations, but must produce probative evidence sufficient to demonstrate a genuine issue for trial." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247–49). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## II. Individual Liability Claim Against Paul

Defendants object to the R&R's recommendation that summary judgment be denied as to Paul. They admit there is a question of fact as to whether Paul touched Glover but assert that qualified immunity bars the suit. (ECF No. 82 at 5 & n.1.)

Qualified immunity shields government officials from liability for civil damages when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Blazek v. City of Iowa City*, 761 F.3d 920, 922 (8th Cir. 2014) (citation omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Id*. (citation omitted).

At summary judgment, qualified immunity will shield Paul from liability unless: (1) genuine and material facts, viewed in the light most favorable to the Glover, show that Paul deprived him of a constitutional right; and (2) the constitutional right was clearly established at the time of the deprivation. *Watson v. Boyd*, 2 F.4th 1106, 1109 (8th Cir. 2021). "[I]f there is a genuine dispute concerning predicate facts material to the

4

qualified immunity issue, a district court must deny summary judgment." *Id.* at 1109 (alteration in original) (quotation marks and citation omitted).

In their objections, Defendants argue that the conduct Glover alleges does not amount to a constitutional violation; if true, this conclusion would shield Paul from suit under qualified immunity.

### A.   *Clearly-Established Constitutional Right*

The starting point for the analysis is noncontroversial: prisoners, including Glover, have a clearly established right under the Eighth Amendment to be free from sexual abuse. *Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007). As early as 2012, the Seventh Circuit ruled that improper touching during a pat-down or strip search violates this right. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). This right was clearly established when Paul allegedly touched Glover improperly during a strip search. *See Ullery v. Bradley*, 949 F.3d 1282, 1296–98 (10th Cir. 2020) (citing cases) (holding prisoner's right to be free from sexual abuse was clearly established by 2015, based on out-of-circuit precedent).

### B.   *Extent of the Constitutional Right*

The next step in the analysis is whether the contact alleged by Glover constituted sexual assault. Generally, courts analyze sexual-assault allegations as excessive-force

claims.[4] *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021) (citing cases); *see also Ricks v. Shover*, 891 F.3d 468, 473–77 (3d Cir. 2018) (explaining that the framework for analyzing excessive-force claims has evolved to encompass sexual abuse claims). When a plaintiff raises an excessive-force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations omitted). Significant injury is not required.[5] *Id.* ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.").

Courts undertake a two-part inquiry in excessive-force cases: (1) a "subjective" inquiry into whether prison staff "acted with a sufficiently culpable state of mind"; and (2) an "objective" inquiry asking whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1,

---

[4] In her January 2021 Report and Recommendation on defendant's motions for summary judgment, Judge Thorson analyzed Glover's sexual assault claim as a conditions-of-confinement claim, which is consistent with the approach taken by other judges in this district. (ECF No. 55 at 9); *see e.g.*, *Alexander v. Steele Co. Jail*, Case No. 13-CV-796 (SRN/FLN), 2014 WL 4384452, at *4 (D. Minn. Sept. 4, 2014). As discussed in this section, recent case law in other circuits makes clear that sexual assault claims are generally analyzed as excessive-force claims, so this Court applies that standard. Defendants cited several cases which analyzed sexual assault claims as excessive-force claims in their objections, so Defendants apparently had notice of this standard. (ECF No. 82 at 6 (citing *Tuttle v. Carroll Cnty. Detention Ctr.*, 500 F. App'x 480 (6th Cir. 2010), and other cases).)

[5] Thus, *Alexander*, which Defendants cite in support of their motion, is distinguishable because it required an actual injury for an Eighth Amendment sexual-assault claim. *See* 2014 WL 4384452, at *4.

8 (1992) (citation omitted) (cleaned up). The inquiry evolves with contemporary standards of decency, and conduct violates a prisoner's Eighth Amendment rights if it is "repugnant to the conscience of mankind."[6] *Id.* at 8, 10 ("[T]he Eighth Amendment's prohibition of cruel and unusual punishments 'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society,' and so admits of few absolute limitations.").

Several circuit courts have recently adopted an inquiry specific to sexual assault: "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment." *Crawford*, 796 F.3d at 254[7]; *cf. Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998) ("A guard

---

[6] Defendants cite *Williams*, a 2004 case that found grabbing a prisoner's buttocks was not objectively sufficiently serious. (ECF No. 82 at 5 (citing *Williams v. Anderson*, No. CIV.A. 03-3254-CM, 2004 WL 2282927, at *1, *4 (D. Kan. Sept. 7, 2004)).) The case is distinguishable because the facts involve a less severe touch and because "societal standards of decency regarding sexual abuse . . . have evolved" since *Williams* was decided. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015).

[7] *See also Ricks*, 891 F.3d at 476 ("Absent a legitimate penological purpose, the type of touching involved in, for instance, a body-cavity search, would be undoubtedly cruel and unusual. And a desire to humiliate the inmate or gratify the officer—inferred through the officer's conduct—is a reasonable way to distinguish between invasive touching that is permitted by law to ensure safety and that which is not."); *Washington*, 695 F.3d at 643 ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); *DeJesus*, 14 F.4th at 1196 ("We hold that the 'sexual assault' of a prisoner by a prison official in violation of the Eighth Amendment occurs when the prison official, acting under color of law and without

7

who propositions an inmate cannot have a motive that the law would recognize as proper.").

Under this standard, when an alleged assault begins "as an invasive procedure that serve[s] a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Bearchild*, 947 F.3d at 1145 & n.8 (citing cases).

C.   *Deprivation of the Constitutional Right*

If Paul acted as Glover describes, his conduct is inappropriate and unacceptable. A jury could also find it is unconstitutional. *See DeJesus*, 14 F.4th at 1197 (explaining that a factfinder should determine what conduct qualifies as sexual assault).

The Ninth Circuit held that a jury could find a pat-down search unconstitutional when it "involve[s] rubbing, stroking, squeezing, and groping in intimate areas." *Bearchild*, 947 F.3d at 1135, 1148–49. And the Seventh Circuit overturned the district court's grant of summary judgment when an inmate alleged that a prison official fondled

---

legitimate penological justification, engages in a sexual act with the prisoner, and that act was for the official's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.") (citation omitted); *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) ("We now hold that a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.").

his testicles during a pat down search. *Washington*, 695 F.3d at 644. The court reasoned that "[w]e don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search." *Id.*

Glover alleges specific facts, including the date, time, location, of the alleged assault.[8] He explains that Paul made him take off his jumpsuit. Then, Paul strip-searched him, during which he grasped Glover's penis and squeezed it hard and gestured. This Court sees no way that squeezing an inmate's penis hard is a proper part of a search. *See Washington*, 695 F.3d at 644. And this action does not seem inadvertent nor does Paul assert it was.[9] *See Ricks*, 891 F.3d at 479 (remanding case for amended complaint because, as pled, prison guard's act of rubbing his erection on prisoner's buttocks may have been incidental to a legitimate search). A jury could find that squeezing a prisoner's penis hard during a strip search is not penologically necessary and could find that it is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10.

---

[8] More details might strengthen Glover's claim. For example, Glover might have alleged that the gestures Paul made during the assault were sexual, offensive, or demeaning to strengthen his claim. *See Crawford*, 796 F.3d at 259 (finding that demeaning comments during a strip search suggested an improper purpose). But Glover's allegations are not so lacking that Paul is entitled to summary judgment.

[9] In fact, Paul provides no factual detail in his affidavit. He does not state his version of events, nor does he offer any corroborating evidence for his denial. (ECF No. 69.) The Court could grant Paul summary judgment if he offered evidence to show Glover's allegations were false. Or, if Defendants had deposed Glover and exposed inconsistencies with his story, Paul might prevail on summary judgment. But "when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible." *Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

*D.     Summary*

Paul is not entitled to summary judgment on Glover's sexual assault claim because the right to be free from sexual assault—including assault during a pat-down search—is clearly established, and, accepting Glover's statement of the facts as true, a jury could find that Paul violated that right.

### III.    Eighth Amendment Claims against Rodriquez, Paget, and Bostrom

Glover raises Eighth Amendment deliberate-indifference, conditions-of-confinement, and failure-to-train-or-supervise claims against three jail supervisors: Rodriquez, Paget, and Bostrom. The R&R recommends granting summary judgment on the deliberate-indifference and conditions-of-confinement claims because the record does not support an inference that any of the supervisors took personal actions that caused Glover harm or otherwise were directly responsible for the depravation of his constitutional rights, and thus the supervisors are entitled to qualified immunity. (R&R at 9.) The R&R also found that the supervisors could not be liable for failure to train or supervise because supervisor liability requires notice of a pattern of misconduct, and Glover presented no evidence that the supervisors received notice of a pattern. Each received only a one or two grievances which lacked details to show a pattern. (*Id.* at 10–15.) Thus, the R&R recommends granting summary judgment to the supervisors because

Glover failed to demonstrate they violated a clearly established right and thus they are entitled to qualified immunity on the Eighth Amendment claims.

In his objections, Glover asserts that the supervisors processed his emergency grievances, and so they personally participated in the constitutional violation. (ECF No. 87 at 2; ECF No. 88 at 2–3.) But no constitutional right is violated by a failure to process grievances. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Because there is no constitutional violation, the officers are entitled to qualified immunity.

In support of his failure-to-train-or-supervise claim, Glover asserts that this case is like *Livers v. Schenck,* 700 F.3d 340, 356 (8th Cir. 2021). (ECF No. 87 at 3.) It is—but this does not help Glover. In *Livers*, the court found that the supervisor was entitled to qualified immunity because no reasonable juror could infer that the supervisor had notice of the risk of a constitutional violation in time to prevent the harm. 700 F.3d at 356–57. Glover's written grievances suggest that the supervisors learned of Paul's misconduct *after* the alleged assault and thus could not have put them on notice of that conduct. (ECF No. 86-1.) As to alleged misconduct from after the written grievances, no facts suggest the supervisors were indifferent to the grievances. (ECF No. 86-1 at 10 (alleging three incidents of misconduct); R&R at 15; *see also* ECF No. 86-2 at 5–6 (stating that a review would be conducted in response to Glover's allegations).) Because the supervisors are entitled to qualified immunity, the Court grants summary judgment on the Eighth Amendment claims.

## IV. Deliberate-Indifference-to-a-Serious-Medical-Need Claim

The R&R recommends granting summary judgment to Defendants on the deliberate-indifference-to-a-serious-medical-need claim because Glover's medical records show that Glover was receiving medical care, including psychiatric care. (R&R at 16–19.) Glover objects generally, asserting that his medical records show he did not receive proper medical care.[10] But as the R&R explained, Glover's medical records show he received consistent medical care in 2016, so a reasonable jury could not conclude that Glover received inadequate care. (*Id.* at 17–18.) And Glover has identified no particular defendant who was deliberately indifferent nor facts to show actual knowledge, both of which are required to state a claim for deliberate indifference to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). Thus, the Court grants summary judgment to Defendants on this claim.

## V. Other Claims

Glover alleges state law claims[11] and claims against "Officer Hendrikt" and "Alberts Ross." (ECF No. 60.) The R&R concluded that the state law claims were untimely, that Glover failed to state a claim under state law, and that the claims against

---

[10] As noted above, Glover asserts that the R&R misdated some of his appointments, but the record supports the R&R's factual findings. (*Compare* ECF No. 93 at 2 ("I don't see evidence . . . of anything about dated May 10, 2016"), *with* ECF No. 70-1 at 11 (psychology visit note dated May 10, 2016).)

[11] The state law claims include alleged violations of internal corrections Policy 103.220, the Minnesota Human Rights Act, and various Minnesota Statutes.

Officer Hendrikt and Alberts Ross fail for lack of proper service. (R&R at 19–33.) Glover does not object to these findings. Based on a *de novo* review, the Court agrees with the R&R's findings and grants summary judgment on these claims.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' objection to the R&R (ECF No. 82) is OVERRULED;

2. Plaintiff's objections to the R&R (ECF Nos. 85, 88, 92–93) are OVERRULED;

3. The R&R is ACCEPTED; and

4. Defendants' second motion for summary judgment (ECF No. 65) is GRANTED IN PART and DENIED IN PART as follows:

    a. Summary judgment is GRANTED in favor of Richard Rodriquez, Joe Paget, and Matt Bostrom;

    b. Summary judgment is DENIED as to R. Paul;

    c. Summary judgment is GRANTED as to allegations of violations internal corrections Policy 103.220;

    d. Summary judgment is GRANTED as to allegations of violations of the Minnesota Human Rights Act and Minnesota Statutes; and

e. Claims against Officer Hendrikt and Alberts Ross are DISMISSED without prejudice for failure to serve.

Dated: July 6, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge